**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA I. SANTIAGO, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC, JOHN DOES #1-10,<br><br>Defendants. | Civ. No. 2:15-cv-8332-KM-MAH<br><br>**MEMORANDUM OPINION and ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on a motion for reconsideration of denial of the defendants' motion for summary judgment. For the reasons stated herein, the motion for reconsideration is denied. Because I write for the parties, I assume familiarity with my prior opinion. (DE 41)

The plaintiff, Norma I. Santiago, opened a JCPenney store credit card, incurred debt, and defaulted. The debt is currently held by defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC (together, "Cavalry"). Ms. Santiago sues Cavalry, on behalf of herself and all others similarly situated, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the New Jersey Consumer Fraud Act ("NJCFA"). The allegation is that Cavalry misleadingly attempted to collect a debt as to which the four-year statute of limitations for sales of goods under the UCC had expired. Cavalry responds

1

that the general New Jersey six-year statute for actions on a contract, not the four-year statute, applies, and that therefore its collection efforts were not misleading.

I entertained the motion for summary judgment after Magistrate Judge Hammer authorized limited discovery on the statute of limitations issue. In my opinion, I surveyed New Jersey law and arrived at the principle that the four-year statute applies to a dedicated, store-issued charge card. Use of such a card at a single store is akin to an installment contract of sale. On the other hand, the six-year statute applies to a credit card which may be used at a variety of establishments; that arrangement is more akin to a contractual extension of credit.

Issues of fact remained, however, as to this particular card. The plaintiff claimed it could be used only at JC Penney, and bore no logo (such as MasterCard or Visa) tending to suggest it could be used at a variety of establishments. She plaintiff offered suggestive (though hardly conclusive) evidence that for at least some period of time the card was good only at JC Penney. The defendant (which is not the card issuer, but a corporation which took the debt by assignment) submitted an affidavit to the effect that the card could also be used at three other establishments: CVS, Rite Aid, and Sephora.com. The relevant period was 2006–10, and the affidavit was somewhat vague about dates. There was no evidence about the relationship among those businesses that would have assisted the court in determining whether this was more akin to a single-store or a general-use credit card.

## I.  Standard on Motion for Reconsideration

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a

2

clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## II. Discussion

Cavalry's motion, surprisingly, argues that the court "overlooked" the lack of evidence that the action was time-barred. That, however, was the issue before the court; the Court's decision in favor of the plaintiff does not indicate that it "overlooked" the defendant's arguments. There is nothing in the reconsideration motion that was not or could not have been presented in connection with the summary judgment motion.

Cavalry also stresses that if the record was inconclusive, that uncertainty falls on the plaintiff, because the plaintiff is the party with the ultimate burden of proof. On the defendant's summary judgment motion, however, it is the defendant which must come forward with the necessary evidence. It has not done so. That lapse is particularly noteworthy in that the holder of the credit card debt surely could easily gain access to the relevant information, if it were helpful to that party. To me, the defendants' own evidence—that the card was good at four establishments—even standing alone, suggested the existence of a factual issue regarding the proper characterization of the card. Neither side was claiming that, like a Mastercard or Visa card, this card gave the holder a line of credit, usable at the holder's discretion at a variety of establishments. As

stated in my Opinion, more facts were necessary if the Court were to place this card on the continuum from single-store to general-use charge cards.

Cavalry argues, however, that it should have been granted summary judgment because discovery on this issue is completed, and that the record as to the statute of limitations issue is frozen. That is by no means obvious to me. As I implied in my earlier Opinion, perhaps neither side took full advantage of the court's authorization of early, targeted discovery on the statute of limitations issue. But granting targeted discovery on an issue that might support a dispositive motion does not imply that, if the motion is denied, future discovery requests (or indeed, trial testimony) will be barred because they happen to bear on the same issue. Summary judgment having been denied, the statute of limitations remains an issue in the case, like any other.

## ORDER

The court having reviewed the defendants' motion for reconsideration (DE 43), the plaintiff's response (DE 45); and the defendants' reply, filed with leave of court (DE 49); and good cause appearing therefor;

IT IS this 21st day of December, 2018

ORDERED that the defendants' motion for reconsideration (DE 43) is DENIED.

**KEVIN MCNULTY**
**United States District Judge**